UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE WILLIAMS,

    Plaintiff,                              No. 15-10565

v.                                          District Judge David M. Lawson
                                               Magistrate Judge R. Steven Whalen

CHASE BANK, JP MORGAN CHASE,
JAMIE DIMON, MATTHEW E. ZAMES,
MIRIANNA LAKE, DANA S. DEASY,
PAUL H. COMPTON, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
R.K. ARNOLD, BILL HUFFMAN, TROTT&
TROTT, P.C., DAVID A. TROTT, JAMES W.
BATCHELOR, MELISSA S. BYRD, STEVEN
A. JACOBS, and FLAGSTAR BANK,

    Defendants.

                                       /

**REPORT AND RECOMMENDATION**

On January 14, 2015, Plaintiff Stephanie Williams filed a *pro se* civil complaint in the Wayne County Circuit Court, alleging numerous claims against numerous Defendants arising out of a loan and mortgage that were executed in 2003. The case was removed to this Court on February 2, 2015 [Doc. #1]. Before the Court are the following four motions to dismiss, which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B):

    -Motion to Dismiss under Fed.R.Civ.P. 12(b)(2) by Defendants Dimon, Zames, Lake, Deasy, Compton, Arnold, and Hultman [Doc. #5].

    -Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) by Defendants JP Morgan Chase Bank, NA (which Plaintiff incorrectly identified as both Chase Bank and JP Morgan Chase), Dimon, Zames, Lake, Deasy, Compton, Mortgage Electronic Registration

-1-

Systems, Inc. ("MERS"), Arnold, and Hultman [Doc. #6].

-Motion to Dismiss under Fed.R.Civ.P. 12(b)(5), 12(b)(6), and 9(b) by Defendants Trott & Trott, David A. Trott, Batchelor, Byrd, and Jacobs [Doc. #8].

-Motion to Dismiss and/or for Judgment on the Pleadings by Flagstar Bank [Doc. #12].

For the reasons discussed below, I recommend that all four motions be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS[1]

Plaintiff's complaint is somewhat rambling and verbose, but her allegations stem from the 2003 closing on her real estate loan. She claims that the appraisal on the property was "intentionally and knowingly inflated" to justify granting a mortgage that she would be unable to pay. *Complaint*, ¶ 6. She states that she was "induced...into a transaction that did not and could not meet normal underwriting standards for a residential mortgage." *Id*. ¶ 5. Again referring to events that occurred at or before the time of the 2003 closing, she alleges that "the Loan Seller was neither the source of funding nor the 'Lender.'" *Id*. ¶ 15. She states that "before or contemporaneously with the 'closing' of the loan transaction," she was provided with "either forged blank notes or vague descriptions of the content of the notes that were placed into the pool of assets that would be 'securitized.'" *Id*. ¶¶ 16, 16.1. Plaintiff summarizes her general allegations as

---

[1] Plaintiff's complaint centers on a 2003 mortgage loan and foreclosure proceedings that commenced in 2014. The Defendants have submitted the written instruments, including the promissory note, the mortgage, and the Sheriff's Deed, as exhibits. Because those documents are central to the Plaintiff's claims as set forth in the complaint, the Court may consider them, along with matters of public record, in determining a motion under Rule 12(b)(6). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

follows:

> "The end result of the false and misleading representations and material omissions of Defendants as to the true nature of the mortgage loan actually processed, which said Defendants had actual knowledge was in direct conflict wit the original Uniform Residential Loan Application, early TIL, and Plaintiff'[s] stated intentions and directions to said Defendants at the time of original application for the loan, fraudulently caused Plaintiff to execute predatory loan documents." *Id*. ¶ 32.

Plaintiff brings the following enumerated claims:

Count I: Violation of the Home Ownership Equity Protection Act ("HOEPA").

Count II: Violation of the Real Estate Settlement Procedures Act ("RESPA").

Count III: Violation of the Truth in Lending Act ("TILA").

Count IV: Violation of the Fair Credit Reporting Act ("FCRA").

Count VII: Fraudulent Misrepresentation.[2]

Count VIII: Breach of Fiduciary Duty.

Count IX: Unjust Enrichment.

Count X: Civil Conspiracy.

Count XI: Civil RICO.

(Unemumerated): Complaint to quiet title.

(Unenumerated): Usury and Fraud.

(Unenumerated): Collusion.

The exhibits submitted with Defendants' motions[3] show that on July 25, 2003, in

---

[2] The complaint does not contain a Count V or Count VI.

[3] For example, Doc. #6 includes the following exhibits: the July 25, 2003 promissory note in the amount of $110,774.00 (Exhibit A); the mortgage that Plaintiff gave to MERS on July 25, 2003 (Exhibit B); MERS' assignment of the mortgage to JP Morgan Chase Bank, NA, recorded on August 27, 2013 (Exhibit C); and the Sheriff's Deed following foreclosure, conveying the property to Chase on November 6, 2014 (Exhibit D).

exchange for a $110,000.00 loan from Flagstar Bank, FSB, Plaintiff granted a mortgage on real property in the City of Detroit to MERS. On August 27, 2013, an assignment of the mortgage from MERS to Chase was recorded. Following Plaintiff's default on the loan, Chase commenced foreclosure by advertisement proceedings, and as the highest bidder at the foreclosure sale, Chase was given a Sheriff's Deed on November 6, 2014. The six-month statutory redemption period expired on May 6, 2015.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on

what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

#### A.   Plaintiff's Failure to Respond

Despite being ordered to respond to all four dispositive motions, with the response to Flagstar Bank's motion due on April 13, 2015 and responses to the other three motions due on April 2, 2015  (*see* Doc. #10 and Doc. #15), Plaintiff has not filed any responses. Numerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned. In *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1 -2 (E.D.Mich. 2014), the Court, citing cases, stated:

> "Claims left to stand undefended against a motion to dismiss are deemed abandoned. *Mekani v. Homecomings Fin., LLC,* 752 F.Supp.2d 785, 797 (E.D.Mich.2010) (stating that where a plaintiff fails to respond to a motion to dismiss a claim, 'the Court assumes he concedes this point and abandons the claim'); *Thielen v. GMAC Mortgage Corp.,* 671 F.Supp.2d 947, 957 (E.D.Mich.2009) (same); *See also, Hopkins v. Saint Lucie Cnty. School Bd.,* 399 Fed.Appx. 563, 565 n. 1 (11th Cir.2010) ('[The plaintiff's] argument that he should have been granted leave to amend his complaint was abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal.'); *Lipton v. County of Orange, New York,* 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ('This Court may, and generally will, deem a claim

> abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.')."

*See also Wheeler v. Long Beach Mortg. Co.,* 2015 WL 1637619, *2 (E.D.Mich. 2015) ("The fact that Plaintiffs have failed to respond to the Motion to Dismiss means that the Court could simply grant the motion as unopposed"); *Fredericks v. Mortgage Electronic Registration Systems, Inc*., 2015 WL 3473972, *3 (E.D.Mich. 2015)("Plaintiffs failure to timely respond to Defendants' Motion to Dismiss, as required by E.D. Mich. L.R. 7.1(c)(1) and 7.1(e)(1) (B), amounts to a waiver of any argument in opposition to Defendants' motion")(citing *Humphrey v. U.S. Att'y Gen.'s Office,* 279 F. App'x. 328, 331 (6th Cir.2008).

As in all of the above cases, the Plaintiff has waived opposition to the Defendants' motions to dismiss. Nevertheless, I have undertaken an independent review of the sufficiency of her complaint, and find that it fails to set forth any plausible claim, as required by *Iqbal*. *See Bangura v. Hansen,* 434 F.3d 487, 497 (6th Cir.2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss).

## B.   Statutes of Limitations

TILA is subject to a one-year statute of limitations, which runs from the date of the violation. 15 U.S.C. § 1640(e). This one-year limitation period also applies to claims under HOEPA, 15 U.S.C. § 1639. *Thielen v. GMAC Mortgage Corp*., 671 F.Supp.2d 947 (E.D. Mich. 2009); *Girgis v. Countrywide Home Loans, Inc.*, 733 F.Supp.2d 835 (N.D. Ohio 2010). In addition, TILA claims for rescission of a mortgage are subject to a three-year statute of repose, which runs from the date of the transaction. 15 U.S.C. § 1635(f).

A RESPA that alleges violations of the disclosure requirement at the time of

closing are subject to a three-year statute of limitations. 12 U.S.C. § 2614.

Claims of fraudulent misrepresentation are subject to Michigan's six-year statute of limitations, as are claims for breach of fiduciary duty. M.C.L. § 600.5813; *Boyle v. General Motors Corp.,* 468 Mich. 226, 230, 661 N.W.2d 557 (2003); *Gilbert Family Partnership v. Nido Corp.*, 679 F.Supp.2d 679, 685 (E.D. Mich. 1988).

Under 12 U.S.C. § 86, a claim of usurious interest is subject to a two-year statute of limitations that runs "from the time the usurious transaction occurred." Under Michigan law, "[u]sury is in the nature of a defense and, therefore, plaintiff cannot maintain an independent action based on the claim of usury to recover the interest she paid on the loan." *Rutter v. Troy Mortg. Servicing Co.*, 145 Mich.App. 116, 124, 377 N.W.2d 846 (1985).

The statute of limitations for unjust enrichment claims is six years. *See* M.C.L. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.").

To the extent that any of Plaintiff's claims can be construed to allege a breach of contract, they would be subject to a six-year statute of limitations. M.C.L. § 600.5807(8).

Plaintiff's claims under TILA, HOEPA, and RESPA, as well as her claims of fraud, usury, breach of fiduciary duty, unjust enrichment, and (possibly) breach of contract, all arise out of the 2003 loan/mortgage transaction, and are thus time-barred. Counts I, II, III, VII, VIII, and IX, along with the unenumerated count alleging "usury and fraud," should therefore be dismissed as to all Defendants.

### C. Failure to Allege Defendants' Personal Involvement

The caption of Plaintiff's complaint names 15 Defendants.[4] Within the body of the complaint, Plaintiff refers to Defendants Chase and Flagstar Bank. Viewing the Defendants' exhibits, particularly the note, mortgage, and Sheriff's Deed, as incorporated within the complaint, Defendant MERS is arguably included within the body of the complaint. However, the complaint contains absolutely no specific facts or allegations concerning Defendants Jamie Dimon, Matthew Zames, Marianna Lake, Dana Deasy, Paul Compton, R.K. Arnold, Bill Hultman (misspelled in the caption as "Huffman"), Trott & Trott, P.C., David Trott, Jamew Batchelor, Melissa Byrd, or Steven Jacobs.

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974). *See also Moore v. Prevo,* 2013 WL 5176759, *5 (W.D.Mich. 2013) ("Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints") (citing *Iqbal* ); *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir.2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").

Because Plaintiff has made no factual allegations against Defendants Dimon, Zames, Lake, Deasy, Compton, Arnold, Hultman, Trott & Trott, David Trott, Batchelor, Byrd, or Jacobs, she has fallen short of the plausibility requirement of *Iqbal*, and these

---

[4] "Chase Bank" and "JP Morgan Chase" are named separately, but both refer to the single entity formally known as "JP Morgan Chase Bank, NA."

Defendants should be dismissed.

### D. Fair Credit Reporting Act

Defendants argue that the FCRA does not provide consumers with a private cause of action. That is not entirely correct; the Sixth Circuit has held that "FCRA expressly creates a private right of action to enforce many of its terms. Consumers may bring suit to recover actual damages, and potentially attonrey's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed...with respect to any consumer' under the Act. 15 U.S.C. § 1681o." *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 615–616 (6th Cir.2012). In this case, Plaintiff has alleged a negligent violation of the FCRA, and while she does not name a particular Defendant, it may reasonably be inferred that she is referring to the entities to which she made mortgage payments, that is, MERS and Chase.

Nevertheless, while a private cause of action is available, Plaintiff has not pled facts that would plausibly make out a claim under the FCRA. *Davis v. PNC Mortg*., 2014 WL 4801968, *9 (E.D.Mich. 2014), is directly on point with the present case:

> "While the FCRA 'unquestionably creates a private right of action,' the Sixth Circuit has concluded that such an action is limited to violations of § 1681 s–2(b). *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 615–616 (6th Cir.2012). Thus, in order to assert a cause of action against Defendant for violating the FCRA, Defendant must have received notice of the dispute from a credit reporting agency. *Id.* ('[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [credit reporting agency].'); see also *Brown v. Wal–Mart Stores, Inc.,* 507 F. App'x 543, 547 (6th Cir.2012) ('A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute. Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint.' (citations omitted)). In this case, Plaintiff has failed to allege that she filed a dispute with a credit reporting agency, or that Defendant received notice of the dispute from a credit reporting agency. Therefore, Plaintiff has no claim under the FCRA."

As was the case in *Davis*, Plaintiff in this case has not alleged that she filed a

dispute with a credit reporting agency, or that she received notice of a dispute from such agency. Her FCRA claim should be dismissed under *Iqbal*.

### E.   Quiet Title

Plaintiff has alleged no defect in the foreclosure proceeding that would render the foreclosure voidable. In addition, Plaintiff does not dispute that she defaulted on the promissory note. She is therefore barred from the equitable remedy of quiet title under the "unclean hands" doctrine. *See Yuille v. American Home Mortgage Services, Inc.*, 483 Fed.Appx. 132, 2012 WL 1914056 (6th Cir. 2012), citing *McFerren v. B&B Inv. Grp.*, 253 Mich.App. 517, 655 N.W.2d 779, 783 (2002)(unclean hands doctrine applies to quiet title actions).

### F.   Civil Conspiracy and RICO

A civil conspiracy is not a stand-alone claim, "but is defined by the tort that constitutes the underlying theory of liability." *Mekani v. Homecoming Financial, LLC*, 752 F.Supp.2d 785, 2010 WL 2681077 at *5, n. 2 (E.D. Mich. 2010), citing *Roche v. Blair*, 305 Mich. 608, 9 N.W.2d 861, 863 (1943). As discussed above, the underlying substantive claims in this case are all dismissible under Rule 12(b)(6). In addition, while Plaintiff may believe she is the victim of a wide-ranging conspiracy, her complaint is vague and conclusory, and she has not pled sufficient facts to plausibly support such a claim.[5]

Likewise with the civil RICO claim, Plaintiff's claim lacks the factual specificity required under *Iqbal*. 18 U.S.C. § 1964(c) provides for a private civil action by any person injured in his or her business or property "by reason of a violation of section

---

[5] Plaintiff's claim for "collusion" is construed as equivalent to her claim for conspiracy.

1962." In *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985), the Supreme Court held that "[a] violation of § 1962(c)...requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *The plaintiff must, of course, allege each of these elements to state a claim.*" (Emphasis added). Because the Plaintiff has failed to sufficiently state a RICO claim, that count must be dismissed.

All four defense motions to dismiss should therefore be dismissed under Rule 12(b)(6).[6]

### IV. CONCLUSION

I recommend that all four motions to dismiss [Doc. #5, Doc. #6, Doc. #8 and Doc. #12] be GRANTED, and that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[6] Defendants Dimon, Zames, Lake, Deasy, Compton, Arnold, and Hultman have also asked for dismissal under Rule 12(b)(2), based on lack of personal jurisdiction. Because all claims are subject to dismissal with prejudice under Rule 12(b)(6), it is unnecessary to address the jurisdictional issue.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 8, 2015

Certificate of Service

I certify that a copy of this Order was served upon parties of record on July 8, 2015 via electronic or postal mail.

/s/A. Chubb
DEPUTY CLERK